NEW-YORK PRACTICE REPORTS. 27

The People ex rel. &c. agt. Commissioners of Highways.

## SUPREME COURT.

THE PEOPLE ex rel. BABCOCK agt. COMMISSIONERS OF PLAINFIELD.

Where commissioners of highways refused to lay out a road, and an appeal was brought from that determination to the county judge, whereupon, the referees appointed by the judge, *reversed* the determination of the commissioners, and *ordered* the road to be laid out, but did not lay it out: *Held, that it was the duty of the referees and not of the commissioners to lay out the road*, that the Revised Statutes (1 *R. S.* 519, § 91), required this to be done upon the appeal, *by the judges,* and that the act of 1847, *p.* 584, § 8, makes it the duty of the referees to perform *the same acts,* and therefore a mandamus requiring the commissioners to lay out and open the road, can not be granted.

Such commissioners have no jurisdiction to *lay out* a road after their refusal to do so has been reversed, although the order of reversal directs it to be done; nor have they jurisdiction to open and make the road after such reversal.

The "final determination" mentioned in the act of 1845, *p.* 186, § 13, can be none other than a determination *laying out a road,* as provided by the Revised Statutes, which determination is the only one that the commissioners can be required to carry out under the act of 1845.

A *mere reversal* of the order of the commissioners, is not an order to be carried out by the laying out of the road. The termini, the courses and distance, and the width of the road, must be determined by the referees, otherwise the commissioners have nothing to guide them in performing the duty of opening it.

Commissioners of highways are officers of limited and special jurisdiction. They can only act in *the cases and in the manner* pointed out by statute; and he who asks that their orders shall be executed, *must show* that the statutory requirements have been strictly pursued. *Therefore, held,* that any act done by them in the performance of their supposed duties, will not prevent them from taking the objection that the relator has *failed to show* that the statute under which they acted, had been strictly complied with.

*Oneida Special Term, July* 1852. Motion for a peremptory mandamus to compel the commisioners of highways *to lay out* and open a highway after the decision of the referees upon appeal *reversing* the decision of the commissioners refusing to lay out the same.

C. H. DOOLITTLE, *for the Motion.*

GEO. W. GRAY, *Opposed.*

W. F. ALLEN, Justice.—The relator moves for a peremptory

mandamus to compel the defendants to lay out and open a high-way in the town of Plainfield, Otsego county, upon appeal from a decision of the commissioners refusing to lay out the highway. The matter was referred in pursuance of the statute and the referees *reversed* the decision of the commissioners and *ordered* the highway laid out, *but did not lay it out,* and the objection was taken that it was the duty of the referees to lay out the road, and that the defendants can not be compelled to carry out their decision until the road is laid out by them. This objection is fatal, *for reasons assigned by me in The People agt. Commission-ers of Highways of Watertown,* decided October 6, 1851.

Motion denied. The following is the opinion in that case.